UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| RICHARD SOLAR §<br>　　Plaintiff §<br>§<br>v. §<br>§<br>MALIK DAJOUR JACKSON and §<br>ENTERPRISE FLEET MANAGEMENT, §<br>INC. §<br>　　Defendants § | CIVIL ACTION NO.4:20-cv-4159 |

## DEFENDANTS' NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441, 1446, and 1332, Defendants MALIK DAJOUR JACKSON ("Removing Defendant A") and ENTERPRISE FLEET MANAGEMENT, INC. ("Removing Defendant B") (together "Removing Defendants") give notice and remove this case to the United States District Court for the Southern District of Texas, Houston Division. The grounds for removal are as follows:

## I.
## GROUNDS FOR REMOVAL

1. Plaintiff Richard Solar ("Plaintiff") commenced this action by filing Plaintiff's Original Petition ("Plaintiff's Original Petition") on October 28, 2020 in the 234th Judicial District Court of Harris County, Texas. The case was docketed as Cause No. 2020-69450 and styled *Richard Solar v. Malik Dajour Jackson and Enterprise Fleet Management*. Copies of the documents that have been filed in the state court file and served on Removing Defendants, including, Plaintiffs' Original Petition and Request for Disclosure, Citations, service and proof of service documentation, Removing Defendants' Answer to Plaintiff's Petition, and Plaintiff's Notice of Appearance of lead counsel are attached as Exhibit "A".

2. Without admitting any facts alleged in Plaintiff's Original Petition or that Plaintiff's Original Petition states any claim for relief, Plaintiff purports to bring claims for negligence and *negligence per se* against Defendant Malik Dajour Jackson (Plaintiffs' Original Petition, Sections F and G, Exhibit A) and seeks to impose liability on Defendant Enterprise Fleet Management, Inc. under the doctrine of *respondeat superior*. (Plaintiffs' Original Petition, Section D, Exhibit A). With respect to Removing Defendants, Plaintiff also purports to bring claims for negligence/ *negligence per se*, pursuant to the doctrine of *respondeat superior*. (Plaintiffs' Original Petition, Section H, Exhibit A).

3. Removing Defendants are entitled to remove this action to this Court pursuant to 28 U.S.C. §§ 1332(a) because there is complete diversity of citizenship between the parties: (1) Plaintiff is a resident of Iberia Parish, Louisiana; (2) Defendant Malik Dajour Jackson is a resident of Harris County, Texas; and (2) Defendant Enterprise Fleet Management, Inc. is incorporated and has its principal place of business in the state of Missouri.

4. The Fifth Circuit has held that a removing party may establish jurisdiction by a preponderance of the evidence by demonstrating that it is "facially apparent" from the complaint that the claim likely exceeds $75,000.00.[1] The removing party may also establish jurisdiction by setting forth facts that support the requisite finding that the amount in controversy exceeds $75,000.00.[2] A district court must first examine the complaint to determine whether it is "facially apparent" that the claims exceed the jurisdictional amount.[3] If it is not facially apparent, the court may rely on "summary judgment-type" evidence to ascertain the amount in controversy.[4] "Remand

---

[1] *Allen v. R.H. Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir. 1995).
[2] *Id.*
[3] *White v. FCI USA, Inc.,* 319 F.3d 672, 675 (5th Cir. 2003).
[4] *Id.*

is proper only if the plaintiffs have shown it is 'legally certain that his recovery will not exceed the amount stated in the state complaint.'"[5]

5.      Plaintiff claims that the alleged negligence outlined in Plaintiff's Original Petition caused him to sustain serious injuries and damages. (Plaintiffs' Original Petition, Sections E, Paragraph 8, Exhibit A). Plaintiff seeks damages of over $200,000.00 but less than $1,000,000.00 (Plaintiffs' Original Petition, Section C, Paragraph 5, Exhibit A). Accordingly, Plaintiff asserts that the amount in controversy exceeds $75,000.00, exclusive of interest and costs, as required pursuant to 28 U.S.C. § 1332(a).

6.      Based on the foregoing allegations and in light of the damages that are being sought in Plaintiff's Original Petition, there is complete diversity jurisdiction and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. Thus, this Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) and this matter may be removed to this Court pursuant to 28 U.S.C. § 1441(a).

7.      Removal is timely. Removing Defendant A was served with the Summons and Plaintiff's Original Petition on November 4, 2020. (Certified Mail Return Receipt, Exhibit A). Removing Defendant B was served with the Summons and Plaintiff's Original Petition on November 5, 2020. (Certified Mail Return Receipt, Exhibit A). Therefore, this removal petition is timely filed under 28 U.S.C. § 1446(b), because this removal petition has been filed within thirty (30) days of receipt of Plaintiff's Original Petition by Removing Defendants and from when Removing Defendants could ascertain that the case was removable.

8.      All defendants who have been properly joined and served in the above-referenced cause consent to the removal of this action in accordance with 28 U.S.C. § 1446(b)(2)(A).

---

[5] *In Re Exxon Chemical Fire*, 558 F.3d 378, 387 (5th Cir. 2009) (citing *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995)).

9.  Written notice of the filing of this Notice of Removal shall be filed with the 234th Judicial District Court of Harris County, Texas and served on all parties pursuant to the provisions of 28 U.S.C. § 1446(d).

10. Venue is proper in the Southern District of Texas pursuant to 28 U.S.C. § 1441(a) because the state court where the suit has been pending is in this District.

11. Copies of all pleadings, process, orders, and other filings served on Removing Defendants in the state court suit are attached hereto as Exhibit A, as required by 28 U.S.C. § 1446(a).

12. Removing Defendants demand a trial by jury.

13. Removing Defendants reserve, without admission or waiver of any allegations and/or claims, all their defenses to Plaintiff's Original Petition. Nothing set forth herein shall be construed as a waiver or admission of any allegations or claims.

## II
## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Defendants MALIK DAJOUR JACKSON and ENTERPRISE FLEET MANAGEMENT, INC. respectfully remove the case pending against them in the 234th Judicial District Court of Harris County, Texas to the United States District Court for the Southern District of Texas, Houston Division.

Respectfully submitted,

**BRENNIG & ASSOCIATES, P.C.**

By: /s/ Charles C. Brennig III
CHARLES C. BRENNIG III
Texas State Bar No. 00783719
Federal Admit No. 15325
ASHLEY N. VEGA
Texas State Bar No. 24110478
Federal Admit No. 3352502
5555 San Felipe Street, Suite 610

Houston, TX 77056
Telephone: (713) 622-5900
Facsimile: (713) 622-5910
Email: cbrennig@brenniglaw.com
Email: avega@brenniglaw.com
**ATTORNEYS FOR DEFENDANTS**
*Malik Dajour Jackson and Enterprise Fleet Management, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the December 4, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filings to all counsel of record.

    Joseph K. Jones
    Chinaz Koch
    Sloan Hatcher Perry Runge,
    Robertson, Smith& Jones
    15010 FM 529
    Houston, Texas 77095
    *Via Email:* houstonservice@sloanfirm.com

    David Hagan
    Micah Satterwhite
    Sloan Hatcher Perry Runge,
    Robertson, Smith& Jones
    101 E. Whaley Street
    Longview, Texas 75601
    *Via Email:* dhagan@sloanfirm.com
    and msatterwhite@sloanfirm.com

                                       /s/ Charles C. Brennig III
                                       CHARLES C. BRENNIG III