CAUSE NO. 202069450

RECEIPT NO. 880082           75.00    CTM
\*\*\*\*\*\*\*\*\*           TR # 73806278

PLAINTIFF: SOLAR, RICHARD                In The   234th
          vs.                       Judicial District Court
DEFENDANT: JACKSON, MALIK DAJOUR       of Harris County, Texas
                                    234TH DISTRICT COURT
                                    Houston, TX

CITATION (CERTIFIED)

THE STATE OF TEXAS
County of Harris

TO: ENTERPRISE FLEET MANAGEMENT

    9215 OLIVE BLVD   SAINT LOUIS MO 63132

    Attached is a copy of <u>PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE</u>

This instrument was filed on the <u>28th day of October, 2020</u>, in the above cited cause number and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday next following the expiration of 20 days after you were served this citation and petition, a default judgment may be taken against you.

TO OFFICER SERVING:

    This citation was issued on 30th day of October, 2020, under my hand and seal of said Court.

<u>Issued at request of:</u>
HAGAN, DAVID R.
101 E. WHALEY ST.
LONGVIEW, TX 75601
Tel: (903) 757-7000
<u>Bar No.:</u> 24099170

*signature:* mail Burgen

MARILYN BURGESS, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)

Generated By: SOLIS, ADILIANI  4BH//11614302

---

CLERK'S RETURN BY MAILING

Came to hand the _____ day of _____, _____, and executed by mailing to Defendant certified mail, return receipt requested, restricted delivery, a true copy of this citation together with an attached copy of PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE to the following addressee at address:

_____

_____

(a) ADDRESSEE

ADDRESS _____

Service was executed in accordance with Rule 106
    (2) TRCP, upon the Defendant as evidenced by the return receipt incorporated herein and attached hereto at

on _____ day of _____, _____
by U.S. Postal delivery to _____

This citation was not executed for the following reason: _____

MARILYN BURGESS, District Clerk
Harris County, TEXAS

By _____, Deputy

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

N.INT.CITM.P

\*73806278\*

7819  2280  0000  0782  6295

CAUSE NO.  202069450

RECEIPT NO.  880082                              75.00        CTM
          *********                        TR # 73806278

PLAINTIFF: SOLAR, RICHARD                    In The    234th
            vs.                              Judicial District Court
DEFENDANT: JACKSON, MALIK DAJOUR             of Harris County, Texas
                                             234TH DISTRICT COURT
                                             Houston, TX

                        CITATION (CERTIFIED)
THE STATE OF TEXAS
County of Harris


TO: ENTERPRISE FLEET MANAGEMENT

    9215  OLIVE BLVD   SAINT LOUIS  MO  63132

    Attached is a copy of PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE


This instrument was filed on the 28th day of October, 2020, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
    This citation was issued on 30th day of October, 2020, under my hand and
seal of said Court.


Issued at request of:                        MARILYN BURGESS, District Clerk
HAGAN, DAVID R.                              Harris County, Texas
101  E. WHALEY ST.                           201 Caroline, Houston, Texas 77002
LONGVIEW, TX  75601                          (P.O. Box 4651, Houston, Texas 77210)
Tel: (903) 757-7000
Bar No.: 24099170                            Generated By: SOLIS, ADILIANI  4BH//11614302


                        CLERK'S RETURN BY MAILING
Came to hand the _____ day of _____, _____, and executed by
mailing to Defendant certified mail, return receipt requested, restricted delivery, a true
copy   of   this   citation   together   with   an   attached   copy   of
 PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE
to the following addressee at address:


_____    ADDRESS

                                    Service was executed in accordance with Rule 106
_____      (2) TRCP, upon the Defendant as evidenced by the
(a)ADDRESSEE                           return receipt incorporated herein and attached
                                       hereto at

                                    on _____ day of _____, _____
                                    by U.S. Postal delivery to _____

                                    This citation was not executed for the following
                                    reason: _____

                                    MARILYN BURGESS, District Clerk
                                    Harris County, TEXAS

                                    By _____, Deputy


N.INT.CITM.P              *73806278*

7019 2280 0000 0752 6288

p.2

CAUSE NO.  202069450

RECEIPT NO.  880082                                  75.00        CTM
          **********                              TR # 73806275

PLAINTIFF: SOLAR, RICHARD                    In The    234th
          vs.                                Judicial District Court
DEFENDANT: JACKSON, MALIK DAJOUR             of Harris County, Texas
                                        ,    234TH DISTRICT COURT
                                             Houston, T

CITATION (CERTIFIED)

THE STATE OF TEXAS
County of Harris

TO: JACKSON, MALIK DAJOUR
    OR WHEREVER HE MAY BE FOUND

    1006  LAVENDER SHADE COURT   HOUSTON  TX  77073

    Attached is a copy of  PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

This instrument was filed on the 28th day of October, 2020, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
    This citation was issued on 30th day of October, 2020, under my hand and
seal of said Court.

Issued at request of:                        MARILYN BURGESS, District Clerk
HAGAN, DAVID R.                              Harris County, Texas
101  E. WHALEY ST.                           201 Caroline, Houston, Texas 77002
LONGVIEW, TX  75601                          (P.O. Box 4651, Houston, Texas 77210)
Tel: (903) 757-7000
Bar No.:  24099170                           Generated By: SOLIS, ADILIANI  4BH//11614302

CLERK'S RETURN BY MAILING

Came to hand the _____ day of _____, _____, and executed by
mailing to Defendant certified mail, return receipt requested, restricted delivery, a true
copy   of   this   citation   together   with   an   attached   copy   of
 PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE
to the following addressee at address:

                                             ADDRESS _____

                                             Service was executed in accordance with Rule 106
                                             (2) TRCP, upon the Defendant as evidenced by the
                                                 return receipt incorporated herein and attached
                                                 hereto at
(a)ADDRESSEE
                                             on _____ day of _____, _____
                                             by U.S. Postal delivery to _____

                                             This citation was not executed for the following
                                             reason: _____

                                             MARILYN BURGESS, District Clerk
                                             Harris County, TEXAS

                                             By _____, Deputy

**RECORDER'S MEMORANDUM**
This instrument is of poor quality
at the time of imaging

A.INT.CITM.P                          *73806275*

7019 2280 0000 0782 6288

CAUSE NO. 202069450

RECEIPT NO. 880082        75.00    CTM
**********      TR # 73806275

| | |
|---|---|
| PLAINTIFF: SOLAR, RICHARD<br>               vs.<br>DEFENDANT: JACKSON, MALIK DAJOUR | In The    234th<br>Judicial District Court<br>of Harris County, Texas<br>234TH DISTRICT COURT<br>Houston, TX |

CITATION (CERTIFIED)

THE STATE OF TEXAS
County of Harris

TO: JACKSON, MALIK DAJOUR
     OR WHEREVER HE MAY BE FOUND

     1006   LAVENDER SHADE COURT    HOUSTON   TX   77073

     Attached is a copy of <u>PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE</u>

This instrument was filed on the <u>28th day of October, 2020</u>, in the above cited cause number and court. The instrument attached describes the claim against you.

     YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday next following the expiration of 20 days after you were served this citation and petition, a default judgment may be taken against you.

TO OFFICER SERVING:
     This citation was issued on 30th day of October, 2020, under my hand and seal of said Court.

Issued at request of:
HAGAN, DAVID R.
101 E. WHALEY ST.
LONGVIEW, TX 75601
Tel: (903) 757-7000
Bar No.: 24099170

*[seal: DISTRICT COURT OF HARRIS COUNTY TEXAS]*

*signature: Maril Burgen*

MARILYN BURGESS, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)

Generated By: SOLIS, ADILIANI   4BH//11614302

---

CLERK'S RETURN BY MAILING

Came to hand the _____ day of _____, _____, and executed by mailing to Defendant certified mail, return receipt requested, restricted delivery, a true copy of this citation together with an attached copy of PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE
to the following addressee at address:

_____

_____
(a) ADDRESSEE

_____

ADDRESS _____

Service was executed in accordance with Rule 106
     (2) TRCP, upon the Defendant as evidenced by the return receipt incorporated herein and attached hereto at

on _____ day of _____, _____
by U.S. Postal delivery to _____
_____

This citation was not executed for the following reason: _____

MARILYN BURGESS, District Clerk
Harris County, TEXAS

By _____, Deputy

N.INT.CITM.P

**\*73806275\***

10/28/2020 4:48 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 47615771
By: Adiliani Solis
Filed: 10/28/2020 4:48 PM

# 2020-69450 / Court: 234

## CAUSE NO.

| | | |
|---|---|---|
| **RICHARD SOLAR** | § | **IN THE DISTRICT COURT** |
| | § | |
| **V.** | § | **OF HARRIS COUNTY, TEXAS** |
| | § | |
| **MALIK DAJOUR JACKSON and** | § | |
| **ENTERPRISE FLEET MANAGEMENT** | § | **____ JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE COURT:

Plaintiff Richard Solar files this, his Original Petition and Request for Disclosure, complaining of and against Defendants Malik Dajour Jackson ("Jackson") and Enterprise Fleet Management. In support thereof, Plaintiff respectfully shows this Honorable Court the following:

### A.   DISCOVERY CONTROL PLAN

1.      Plaintiffs intend that discovery will be conducted pursuant to a Level 3 discovery control plan.   Tex. R. Civ. P. 190.4.

### B.   PARTIES

2.      Plaintiff Richard Solar is an individual who resides in New Iberia, Iberia Parish, Louisiana. The last three digits of Plaintiff's social security number are 296.   The last three digits of Plaintiff's driver's license are 878.

3.      Defendant Malik Dajour Jackson is an individual who resides in Harris County, Houston, Texas and may be served with process at 1006 Lavender Shade Court, Houston, Texas 77073, or wherever he may be found.

4.      Defendant Enterprise Fleet Management Inc., is a limited liability company formed pursuant to the laws of the State of Missouri and has its principal place of business at 9315 Olive Blvd., Saint Louis, Missouri 63132. Accordingly, it is deemed to be a citizen of the State of

*Plaintiff's Original Petition and Request for Disclosure*                                    1 | Page

Missouri. It may be served with summons by serving its registered agent for service of process, CT Corporation System, 120 South Central Ave., Clayton, MO 63105.

### C. JURISDICTION AND VENUE

5. Plaintiff seeks monetary relief of over $200,000.00 but less than $1,000,000.00. The damages Plaintiff seeks are within the jurisdictional limits of the Court.

6. Venue is proper in Harris County, Texas, pursuant to Texas Civil Practice & Remedies Code Section 15.002(a)(3) because Defendant Malik Jackson live in Harris County, Texas.

### D. AGENCY/RESPONDEAT SUPERIOR

7. Whenever it is alleged in this Petition that Defendant Enterprise Fleet Management Inc., did any act or thing, it is meant that Enterprise Fleet Management Inc.'s servants, employees, parent agents, ostensible agents, agents by estoppel and/or representatives, including but not limited to Dhanju Jackson, did such act or thing, and at the time such act or thing was done it was done with Enterprise Fleet Management Inc.'s authorization or was done in the normal routine course of the agency of or employment with Enterprise Fleet Management Inc.

### E. FACTS

8. This lawsuit results from a motor vehicle collision that occurred on January 15, 2020, at approximately 1:15 AM in the US Highway 285 in Pecos County, Texas. At the time of the collision, Plaintiff, who was the seat-belted driver of a 2005 Peterbilt tractor-trailer, had been traveling southbound on US Highway 285 in the outside lane. Defendant Jackson, who was operating a 2017 Dodge Promaster 3500 owned by Enterprise Fleet Management Inc., had been traveling southbound on US Highway 285 in the inside lane. At the time of the collision, Defendant Jackson crossed over the center stripe into the southbound lane Plaintiff was traveling,

*Plaintiff's Original Petition and Request for Disclosure*                                    2 | P a g e

striking Plaintiff's right side.   Because Defendant Jackson crossed over the center stripe into Plaintiff's lane of travel, Defendant Jackson's vehicle violently collided with Plaintiff's vehicle. As a result of the collision, Plaintiff sustained serious injuries and damages, including injuries to his neck, back and other injuries to his body.

9.      At all times material hereto, Defendant Jackson was employed by Enterprise Fleet Management and was acting at Enterprise Fleet Management, Inc.'s direction and for Enterprise Fleet Management, Inc.'s benefit.

10.      At all times material hereto, Defendant Jackson was in the course and scope of his employment with Enterprise Fleet Management, Inc.

11.      At all times material hereto, Defendant Jackson was engaged in the furtherance of Enterprise Fleet Management, Inc.'s business.

12.      At all times material hereto, Defendant Jackson was engaged in accomplishing a task for which he was employed by Enterprise Fleet Management, Inc.

13.      At all times material hereto, Defendant Jackson was negligent in the operation of a vehicle owned/operated by Enterprise Fleet Management, Inc.

### F.   PLAINTIFF'S CLAIMS AGAINST DEFENDANT JACKSON

14.      The collision made the basis of this suit and the resulting injuries and damages were proximately caused by Defendant Jackson's negligent and negligent *per se* acts and/or omissions including but not limited to one or more of the following:

  a.      Failing to yield the right of way in violation of Tex. Trans. Code § 545.151, and §545.256 and 49 C.F.R. 392.2;

  b.      Making an unsafe turn in violation of Tex. Trans. Code §545.103, 545.104;

  c.      Failing to keep such lookout as a person of ordinary prudence would

*Plaintiff's Original Petition and Request for Disclosure*                    3 | P a g e

have kept under the same or similar circumstances;

d.   Failing to pay that degree of attention that a person using ordinary prudence would have used under the same or similar circumstances;

e.   Driving the vehicle recklessly with willful or wanton disregard for the safety of persons or property in violation of Tex. Trans. Code §545.401;

f.   Failing to operate his tractor/trailer in accordance with the laws, ordinances, and regulations found in the Tex. Trans. Code being negligence per se in violation 49 C.F.R. § 392.2.

g.   Failing to comply with the Federal Motor Carrier Safety Regulations; and

h.   Violating the Texas Transportation Code in other respects to be determined constituting negligence *per se*.

15.   Defendant Jackson is independently liable for the foregoing negligent acts and/or omissions.   Additionally, Defendant Enterprise Fleet Management, Inc. is vicariously liable for the foregoing negligent acts and/or omissions of Defendant Jackson pursuant to the legal doctrine of *respondeat superior*.

16.   Each and all of the acts and omissions, singularly or in combination with others, constitute negligence and/or negligence *per se*, which proximately caused the collision made the basis of this action, directly resulting in the injuries and damages to Plaintiff.   Plaintiff reserves the right to plead more specifically as facts become more fully known in discovery.

## G. NEGLIGENCE PER SE OF DEFENDANT JACKSON

17.   Pleading further, Plaintiff would show that Defendant Jackson's conduct violated specific provisions of law, including, but not limited to, sections 545.060(a), 545.103, 545.104, 545.151, 545.256, 545.401, §545.415 of the Texas Transportation Code, Subtitle C, "Rules of the Road," and 49 C.F.R. § 392.2 of the Federal Motor Carrier Safety Act, which were enacted for the

*Plaintiff's Original Petition and Request for Disclosure*                                        4 | P a g e

protection of the law abiding public, a class of which Plaintiff is a member, and by reason thereof, Defendant Jackson was negligent in the operation of the truck as a matter of law, and such negligence *per se* singularly or in combination with other acts, was the proximate cause of the occurrence made the basis of Plaintiff's causes of action.

## H. LIABILITY OF DEFENDANT ENTERPRISE FLEET MANAGEMENT, INC.

18.     Defendant Jackson was an employee and/or statutory employee of Defendant Enterprise Fleet Management, Inc. and was in the course and scope of his employment Defendant Enterprise Fleet Management, Inc. when the subject collision occurred. The negligence/negligence *per se* of Defendant Jackson is therefore imputed to Defendant Enterprise Fleet Management, Inc. The negligence/negligence *per se* of Defendant Enterprise Fleet Management, Inc., both directly and vicariously, was the proximate cause of the collision in question, pursuant to the legal doctrine of *respondeat superior*.

19.     In the alternative, Defendant Enterprise Fleet Management, Inc. is responsible for the negligent acts and/or omissions of Defendant Jackson because at the time and place in question, Defendant Jackson was operating a commercial motor vehicle in interstate commerce and he, as well as Defendant Enterprise Fleet Management, Inc., were therefore subject to the Federal Motor Carrier Safety Regulations, including 49 C.F.R. § 376.12(c)(1). Accordingly, at all relevant times hereto, Defendant Jackson was a statutory employee of Defendant Enterprise Fleet Management, Inc., and Plaintiff was a member of the general driving public, a class of persons that 49 C.F.R. § 376.12(c)(1) was designed to protect.

## I. DAMAGES

20.     As a direct and proximate result of the negligent and/or negligent *per se* conduct of Defendants and the subject collision, Plaintiff sustained serious personal injuries. As a result of these injuries, she has suffered the following damages:

    a.   Reasonable and necessary medical expenses incurred by or on behalf of Plaintiff in the past;

    b.   Medical expenses that, in reasonable probability, Plaintiff will incur in the future;

    c.   Past physical pain and suffering;

    d.   Physical pain and suffering that, in reasonable probability, Plaintiff will suffer in the future;

    e.   Past mental anguish;

    f.   Mental anguish that, in reasonable probability, Plaintiff will suffer in the future;

    g.   Past physical impairment; and

    h.   Physical impairment that, in reasonable probability, Plaintiff will suffer in the future.

21.     Plaintiff seeks fair and reasonable compensation for his damages together with pre-judgment and post-judgment interest at the maximum amount for the maximum period allowed by law.

22.     All damages sought herein are within this Court's jurisdictional limits.

### J. REQUEST FOR DISCLOSURE

23.     Pursuant to Texas Rule of Civil Procedure 194, Defendant is requested to disclose, within fifty (50) days of service of this Request, the information or material described in Rule 194.2 (a)-(*l*).

### K. DOCUMENTS TO BE USED

*Plaintiff's Original Petition and Request for Disclosure*                                         6 | P a g e

24.     Pursuant to Texas Rule of Civil Procedure 193.7, Plaintiffs intend to use all documents exchanged and produced between the parties including, but not limited to, correspondence and discovery responses during the trial of the above-entitled and numbered cause.

## L.  PRAYER FOR RELIEF

PREMISES CONSIDERED, Plaintiff requests that the Defendant be cited to appear and answer and that upon final hearing hereon, Plaintiff recovers as follows:

      a.     Actual damages within the jurisdictional limits of this Court;

      b.     Pre-judgment and post-judgment interest as allowed by law;

      c.     Costs of Court; and

      d.     All such other and relief to which Plaintiff may show himself justly entitled.

Respectfully submitted,
SLOAN, HATCHER, PERRY, RUNGE,
ROBERTSON, SMITH & JONES

DAVID HAGAN
State Bar No. 24099170
dhagan@sloanfirm.com
MICAH SATTERWHITE
State Bar No. 24102463
msatterwhite@sloanfirm.com
101 East Whaley Street
P.O.  Drawer 2909
Telephone: (903) 757-7000
Facsimile: (903) 757-7574

ATTORNEYS FOR PLAINTIFF

10/29/2020 9:49 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 47629347
By: Cynthia Clausell-McGowan
Filed: 10/29/2020 9:49 AM

JOHN D. SLOAN JR.*†‡α
M. RAYMOND HATCHER
GLENN A. PERRY*†β
CARSON R. RUNGE*α
ALAN J. ROBERTSON
JUSTIN A. SMITH β
JOSEPH K. JONES
JOHN B. RUNGE

\* Board Certified, Personal Injury Trial Law -
Texas Board of Legal Specialization
α Licensed in New Mexico
β Licensed in Arkansas

# SLOAN FIRM.COM

Sloan, Hatcher, Perry, Runge,
Robertson, Smith & Jones

*What Matters to You Matters to Us*

BRANDON T. ALLEN
MICAH L. SATTERWHITE
RACHAEL K. JONES α
SEAN A. KOCH
R. CONNOR BARBE
CHINAZ B. KOCH
JAIME I. PEREZ
DAVID R. HAGAN

† Board Certified, Civil Trial Specialist -
National Board of Trial Advocacy
‡ Board Certified, Truck Accident Law -
National Board of Trial Advocacy

October 29, 2020

**VIA E-file**
Harris County District Clerk
201 Caroline, Suite 420
Houston, TX 77002

RE:    **Cause No. 2020-69450;** *Richard Solar vs. Malik Dajour Jackson and Enterprise Fleet Management; In the 234th Judicial District Court of Harris County, Texas.*

Dear District Clerk:

Please issue a citation for service by <u>certified mail</u> of Plaintiff's Original Petition and Request for Disclosure to the following Defendants:

**Malik Dajour Jackson**
**1006 Lavender Shade Court**
**Houston, TX 77073**

**AND**

**Enterprise Fleet Management Inc.**
**9215 Olive Blvd.**
**Saint Louis, Missouri  63132**

Thank you for your assistance.

Yours very truly,
SLOAN HATCHER PERRY RUNGE ROBERTSON SMITH & JONES

Rose Feazell, Paralegal

/RF
Solar 5347-001

Principal Office | 101 East Whaley Street | Longview, Texas 75601
Phone 903.757.7000 | Facsimile 903.757.7574
www.sloanfirm.com
Longview | Houston | Santa Fe



2020 69450

11-2-2020

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL

Certified Mail Fee
$ 3.55
Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)          $
☐ Return Receipt (electronic)        $
☑ Certified Mail Restricted Delivery  $
☐ Adult Signature Required           $
☐ Adult Signature Restricted Delivery $
Postage
$
Total Postage and Fees
$

Sent To    Marilyn Burgess
           District Clerk
Street and Apt. X  Enterprise Fleet Management Inc
                   9215 Olive Blvd.
City, State, ZIP+4  Saint Louis, MO 63132

PS Form 3800,

NOV -2 2020

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging



2020 69450

11-2-2020

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging



2020 - 69450        2344 CPT

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Malik Dajour Jackson
1006 Lavender Shade Court
Houston, TX 77073

9590 9402 4975 9063 9964 74

2. Article Number *(Transfer from service label)*

7019 2280 0000 0782 6288

PS Form **3811**, July 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____  ☐ Agent
                            ☐ Addressee

B. Received by *(Printed Name)*    C. Date of Delivery
   COVID-19                        11-4

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:         ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

Unofficial Copy Office of Marilyn Burgess District Clerk

Exhibit A    Page 15 of 26



USPS TRACKING #

NORTH HOUSTON TX 773
8 NOV 2020 PM 8 L

9590 9402 4604 8323 5845 79

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

United States
Postal Service

FILED
MARILYN BURGESS
DISTRICT CLERK
HARRIS COUNTY, TEXAS

20 NOV -9 AM 9: 11

11-9-2020

• Sender: Please print your name, address, and ZIP+4® in this box•

MARILYN BURGESS, DISTRICT CLERK
HARRIS COUNTY, TEXAS
CIVIL INTAKE
P.O. BOX 4651
HOUSTON, TEXAS 77210

MAIL PROCESSING ADMIN

210-465151

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Enterprise Fleet Management Inc
9215 Olive Blvd.
Saint Louis, MO 63132

9590 9402 4975 9063 9964 81

2. Article Number (Transfer from service label)

7019 2280 0000 0782 6243

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X [signature]   ☑ Agent   ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

[signature] Nelson   11-5-20

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

2020 69450

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053   Domestic Return Receipt

Exhibit A



USPS TRACKING #

SAINT LOUIS MO 630

8 NOV 2020 PM 7 L

9590 9402 4975 9063 9964 81

First-Class Mail
Postage & Fees Paid
USPS
G-10

United States
Postal Service

SHIPPED
MARILYN BURGESS
DISTRICT CLERK
HARRIS COUNTY, TEXAS

20 NOV 12 AM 7:44

11/12/2020

MAIL PROCESSING ADMIN

• Sender: Please print your name, address, and ZIP+4® in this box•

Marilyn Burgess
Harris County District Clerk
P.O. BOX 4651
HOUSTON, TX 77210-4651

Unofficial Copy Office of Marilyn Burgess District Clerk

Exhibit A

11/30/2020 3:26 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 48482236
By: Cynthia Clausell-McGowan
Filed: 11/30/2020 3:26 PM

CAUSE NO. 2020-69450

| | | |
|---|---|---|
| RICHARD SOLAR | § | IN THE DISTRICT COURT OF |
| Plaintiff | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| MALIK DAJOUR JACKSON and | § | |
| ENTERPRISE FLEET MANAGEMENT | § | |
| Defendants | § | 234TH JUDICIAL DISTRICT |

## DEFENDANTS' ANSWER TO PLAINTIFF'S PETITION

COME NOW, MALIK DAJOUR JACKSON and ENTERPRISE FLEET MANAGEMENT, INC., Defendants in the above-referenced and numbered cause, filing this Answer to Plaintiff's Petition, and in support would respectfully show the Court as follows:

## GENERAL DENIAL

1.      Pursuant to Texas Rule of Civil Procedure 92, Defendants generally deny each and every, all and singular, the allegations contained in Plaintiff's Petition and, upon the trial of this cause, demand strict proof thereof, pursuant to the laws and Constitution of the State of Texas.

## DISCOVERY

2.      Pursuant to Texas Rule of Civil Procedure 190.4, Defendants request that the discovery in this case be conducted under Level 3.

## AFFIRMATIVE DEFENSES

3.      Pursuant to Rule 94 of the Texas Rules of Civil Procedure and Chapter 33 of the Civil Practice and Remedies Code, Defendants would respectfully show that the injuries and damages, if any, made the basis of this lawsuit were solely and proximately caused, or in the alternative, partially and proximately caused, by the negligence of Plaintiff in failing to act like a reasonably prudent person would have acted under the same or similar circumstances. Plaintiff was also negligent *per se*.

4. Defendant Jackson was confronted with an emergency arising suddenly and unexpectedly.

5. The accident forming the basis of the lawsuit was an "unavoidable accident".

6. Plaintiff's injuries and damages, if any, resulted from the acts of third persons or instrumentalities over which Defendants had no control.

7. Pursuant to Texas Civil Practice and Remedies Code § 41.0105, Plaintiff may only recover medical or healthcare expenses that he actually paid or were incurred by or on his behalf.

8. Pursuant to Texas Civil Practice and Remedies Code § 33.001 et seq., Defendants request the jury compare the responsibility of all parties, including Plaintiff, Co-Defendant, settling persons or entities, and responsible third parties pursuant to Texas Civil Practice and Remedies Code § 33.004, and assign percentages of responsibility to them, and that any judgment rendered be done so pursuant to the rights of contribution.

9. In the unlikely event that a judgment is entered against Defendants, they reserve their right to recover from each co-defendant against whom judgment is also rendered, pursuant to Texas Civil Practice and Remedies Code § 32.002. Defendants further plead that in the unlikely event they are found to be jointly and severally liable, and required to pay more than their share of comparative responsibility, Defendants reserve their right of contribution against co-defendant, jointly and singularly, pursuant to Texas Civil Practice and Remedies Code § 33.001 et seq., and common law or contractual indemnity as it may apply. Defendants reserve their right to assert such contribution rights in this action, or in a later action.

10. Plaintiff failed to mitigate his damages.

11. Plaintiff's injuries and damages, if any, are the result of pre-existing and/or subsequent medical or psychological conditions, disease processes or disabilities that are in no

way the responsibility of Defendants; therefore, Defendants have no legal responsibility for any injuries or damages sustained by Plaintiff as a result of any pre-existing and/or subsequent medical or psychological conditions, disease processes or disabilities over which Defendants had no control.

12.     Pursuant to Texas Civil Practice and Remedies Code § 41.003, Defendants request the Court require all parties prove their gross negligence claims against Defendants by clear and convincing evidence.

13.     Pursuant to Texas Civil Practice and Remedies Code § 41.008, Defendants request the Court limit the recovery on the amount of exemplary damages, if any, awarded against Defendants.

14.     To the extent Plaintiff seeks punitive or exemplary damages from Defendants, Defendants assert that an award of punitive or exemplary damages in this case would violate their rights guaranteed by the United States Constitution and Texas Constitution.

15.     Defendants specifically invoke their rights under the Due Process Clause and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution and affirmatively plead that the Plaintiff's pleading for punitive and/or exemplary damages violates the Fourteenth Amendment inasmuch as punitive and/or exemplary damages can be assessed:

> (a)     In an amount left to the discretion of the jury and judge;
>
> (b)     In assessing such sums, the decision of the jury need only be based on a vote of ten jurors and does not require a unanimous verdict;
>
> (c)     In assessing such penalty or exemplary awards, plaintiffs need only prove the theory of gross negligence or malice by a "preponderance of the evidence" or "clear and convincing evidence" standard and not on a

"beyond a reasonable doubt" standard, as should be required in assessing a punishment award;

(d)     Further, the defendants who are subject to the award do not have the right to refuse to testify against themselves, but must, in fact, take the stand and/or give deposition testimony or subject themselves to the consequences of a default judgment;

(e)     The assessment of such a punishment and/or exemplary award is not based upon a clearly defined statutory enactment setting forth a specific *mens rea* requirement and/or other prerequisites of a criminal fine and, in effect allows the assessment of such awards even though there are not specific standards, limits or other statutory requirements set forth which define the *mens rea* and scope and limit of such awards. Therefore, the awards are unduly vague and do not meet the requirements of due process;

(f)     In essence, Defendants are subjected to all the hazards and risks of what amounts to a fine and, in fact, such awards often exceed normal criminal fines; but Defendants receive none of the basic rights afforded a criminal defendant when being subjected to possible criminal penalties; and

(g)     The assessment of punitive and/or exemplary damages differs from defendant to defendant and treats similar defendants in dissimilar ways.

16.     Further, if such be necessary, Defendants affirmatively plead that the assessment and award of punitive and/or exemplary damages violates the Eighth Amendment of the United States Constitution as it is applied to the States through the Fourteenth Amendment of the United States Constitution in that such awards potentially constitute an excessive fine imposed without

the protections of fundamental due process. Accordingly, Defendants invoke their rights under the Eighth and Fourteenth Amendments of the United States Constitution and respectfully request that this Court disallow any award of punitive and/or exemplary damages inasmuch as an award in this case would violate Defendants' United States Constitutional rights.

## PLEADING IN THE ALTERNATIVE

17.     Pursuant to Texas Rules of Civil Procedure 84 and 85, to the extent that any defenses, other than the General Denial, plead in this Answer are in conflict, they are plead in the alternative.

## RIGHT TO AMEND

18.     Defendants reserve the right to amend or supplement their answer.

## JURY DEMAND

19.     Pursuant to Texas Rule of Civil Procedure 216, Defendants have made a demand for a jury trial and have paid the required jury fee.

## REQUEST FOR DISCLOSURE

20.     Pursuant to Texas Rule of Civil Procedure 194, Defendants request that all parties disclose, within thirty (30) days of service of this request, the information and materials described in Rule 194.2 (a)-(l).

## REQUEST FOR DEPOSITION

21.     Defendants request the opportunity to take the deposition of Plaintiff.

## INTENT TO USE DOCUMENTS PRODUCED

22.     Pursuant to Texas Rule of Civil Procedure 193.7, Defendants hereby give actual notice to all parties that any and all documents produced in response to written discovery may be used as evidence in this case; and, that any such materials may be used as evidence against

the party producing the document at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the document and/or materials produced in discovery.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants MALIK DAJOUR JACKSON and ENTERPRISE FLEET MANAGEMENT, INC. pray that Plaintiff take nothing by reason of this suit, and that Defendants be discharged with their costs and for all such other and further relief to which they may be justly entitled.

Respectfully submitted,

**BRENNIG & ASSOCIATES, P.C.**

By:  /s/ Charles C. Brennig III
CHARLES C. BRENNIG III
State Bar No. 00783719
cbrennig@brenniglaw.com
ASHLEY N. VEGA
State Bar No. 24110478
avega@brenniglaw.com
5555 San Felipe Street, Suite 610
Houston, TX 77056
Telephone: (713) 622-5900
Facsimile: (713) 622-5910
**ATTORNEYS FOR DEFENDANTS**
*Malik Dajour Jackson and Enterprise*
*Fleet Management, Inc.*

## CERTIFICATE OF SERVICE

This is to certify that on November 30, 2020, a true and correct copy of the foregoing document has been provided to all counsel of record via electronic service pursuant to the Texas Rules of Civil Procedure.

/s/ Charles C. Brennig III
CHARLES C. BRENNIG III

CAUSE NO. 2020-69450

| | | |
|---|---|---|
| RICHARD SOLAR | § | THE DISTRICT COURT OF |
| | § | |
| VS | § | HARRIS COUNTY, TEXAS |
| | § | |
| MALIK DAJOUR JACKSON and | § | |
| ENTERPRISE FLEET MANAGEMENT | § | 234TH  JUDICIAL DISTRICT |

**<u>NOTICE OF APPEARANCE AND DESIGNATION OF ATTORNEYS IN CHARGE</u>**

Plaintiff, RICHARD SOLAR, files this Notice of Appearance and Designation of Attorneys in Charge, and hereby notifies the Court that the following are representing Plaintiff as lead counsel in the above-captioned action:

JOSEPH K. JONES
State Bar No. 24076466
jjones@sloanfirm.com
CHINAZ KOCH
State Bar No. 24116631
ckoch@sloanfirm.com
SLOAN HATCHER PERRY RUNGE ROBERTSON & SMITH
15010 FM 529
Houston, Texas 77095
Telephone:  (713) 520-8833
Facsimile:  (713) 520-9933
E-Service E-mail:  houstonservice@sloanfirm.com

Plaintiff respectfully requests service of pleadings and other papers filed in this action and any orders and notices from this Court.

Respectfully submitted,

  /s/  *Chinaz Koch*
JOSEPH K. JONES
State Bar No. 24076466
jjones@sloanfirm.com
CHINAZ KOCH
State Bar No. 24116631
ckoch@sloanfirm.com
SLOAN HATCHER PERRY RUNGE
   ROBERTSON & SMITH
15010 FM 529
Houston, Texas 77095
Phone:  713-520-8833
Fax:  713-520-9933

**ATTORNEYS FOR PLAINTIFF**

### CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of December 2020 a true and correct copy of the above document was served pursuant to the Texas Rules of Civil Procedure on the following:

*Via TX eFile Service:*
Charles C. Brennig III
Ashley N. Vega
Brennig & Associates, P.C.
5555 San Felipe St, Ste 601
cbrennig@brenniglaw.com
avega@brenniglaw.com

**ATTORNEYS FOR DEFENDANTS- Malik Dajour Jackson and**
**                               Enterprise Fleet Management, Inc.**


Cc

Gordon McKernan
4696 Constitution Avenue
Baton Rouge, Louisiana 70808
nina@getgordon.com

  /s/  *Chinaz Koch*
CHINAZ KOCH